

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TCF NATIONAL BANK, a national banking association, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 06 C 3990 |
| CVS CORPORATION, ) a Delaware corporation, ) ) | Judge John W. Darrah |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, TCF National Bank, filed a four-count Complaint against Defendant, CVS Corporation. CVS has filed a Motion to Dismiss all counts on various theories, which is currently before the Court.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court considers all allegations in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A filing under the Federal Rules of Civil Procedure should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9 (Pleading Special Matters, *i.e.*, fraud, mistake, etc.). *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 713 (7th Cir. 2006) (*Kolupa*). In other words, any movant "tempted to write 'this complaint is deficient because it does not contain . . . .' should stop and think: What rule of law *requires* a

complaint to contain that allegation?" *Kolupa*, 438 F.3d at 713, *quoting Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).

Generally, matters outside the pleadings cannot be considered on a motion to dismiss. *See, e.g., Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003). However, documents attached to a complaint are considered part of the complaint and may be considered for all purposes. *See, e.g., Tierney v. Vahle*, 310 F.3d 734, 738 (7th Cir. 2002).

## BACKGROUND

The following is a summary of the operative conduct of the parties alleged in the Complaint:

In 1997 and 1998, TCF entered into a series of contracts with subsidiaries of Albertson's, Inc. to place TCF financial service centers and automated teller machines ("ATMs") in certain of Albertson's supermarkets (Jewel and Jewel/Osco stores) and freestanding Osco drugstores, located in Illinois and/or Wisconsin. (Complaint at ¶ 13). With respect to these transactions, TCF and the Albertson's subsidiaries entered into Master Agreements. (Complaint at ¶ 13). Pursuant to the Master Agreements and the License Agreements (which were not attached to TCF's Complaint), TCF alleges that TCF was permitted to install and maintain approximately 66 ATMs in Osco drug stores throughout Illinois and Wisconsin. (Complaint at ¶ 15). In 2006, Albertson's sold to various third parties its vast multi-branded, multi-state business, not just its Illinois and Wisconsin stores, which themselves were sold in separate pieces (depending on the type of store) to different parties. (Complaint at ¶¶ 18-20). CVS was the asset purchaser of Albertson's freestanding drugstores located in many states, including the

freestanding Osco stores in Illinois and Wisconsin. (Complaint at ¶ 20). A copy of the Asset Purchase Agreement is attached to TCF's Complaint. (Complaint at Ex. A). In June 2006, CVS notified TCF that it was replacing the TCF automated teller machines in the former freestanding Osco stores with ATMs from another bank (LaSalle Bank), with whom CVS had a preexisting exclusive relationship. (Complaint ¶¶ 26, 27, 29).

## ANALYSIS

The gravamen of CVS's Motion to Dismiss is its allegation that TCF's Complaint contradicts the actual language of the Master Agreements, the License Agreements, the CVS/Albertson's Asset Purchase Agreement, and the CVS/LaSalle Exclusive ATM Agreement. Some of these documents – specifically, the Master Agreements and the License Agreements – were referenced in the TCF's Complaint but not attached. In support of its Motion, CVS has filed over 400 pages of documents, including the Master Agreements, the License Agreements, the CVS/Albertson's Asset Purchase Agreement, and the CVS/LaSalle Exclusive ATM Agreement. TCF responds that CVS has misstated the terms of the relevant contracts and misapplied applicable law and has attached four exhibits of more than 30 pages of documents in support of its Memorandum in Opposition to CVS's Motion to Dismiss.

Generally, matters outside the pleadings cannot be considered on a motion to dismiss. *See, e.g., Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003). However, it is a "well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998). Indeed, under Federal Rule of Civil Procedure 10(c), "a copy of any written

3

instrument which is an exhibit to a pleading is part thereof for all purposes." Further, and most importantly here, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). As TCF cited the Master Agreements and the License Agreements in its Complaint, and as those documents are central to its claim, they are properly considered by the Court. However, the submission of voluminous documents in a manner which calls for a resolution of factual issues, which neither "authenticate[s] or disambiguate[s]" documents, and which implicate additional facts beyond the four corners of the pleading (such as the inclusion of the CVS / LaSalle Exclusive ATM Agreement and the CVS /Albertson's Asset Purchase Agreement, which are not quoted or cited in the Complaint), exceeds the scope of the Rule 12 exception. *Tierney v. Vahle*, 304 F.3d 734 (7th Cir. 2002). Therefore, TCF's Complaint sufficiently states a claim upon which relief could be granted and shall not be dismissed on this ground.

Next, CVS asserts that Counts III and IV should be dismissed because they do not allege a substantive claim but only seek a remedy – specific performance and injunctive relief, respectively. TCF is entitled to pray for as much relief, and as many remedies, to which it is entitled; and the structure of the Complaint, intended to clearly delineate the varied remedies requested, does not merit dismissal. *See American Nat'l Bank & Trust Co. v. Allmerica Fin. Ins. & Annuity Co.*, 2003 WL 1921815, at *4-*5 (N.D. Ill. Apr. 21, 2003).

Third, CVS asserts that in Count II, TCF wrongly alleges "alternative" common-law successor-liability theories whereby CVS must succeed to all debts, obligations, and liabilities of Albertson's. CVS asserts that the "cryptic labels" used by TCF on its successor liability count –

4

"implied agreement," "de facto merger," "continuation of seller," and "fraudulently escape liability" – are as legally insufficient to state a claim. CVS asserts that they are legally deficient because they do not state the necessary elements of any of their four alternatives. Again, CVS misses the nature of the inquiry on a motion to dismiss. TCF is not legally required to plead the facts or the elements of a claim, with the exceptions found in the Federal Rules of Civil Procedure, which are not implicated here. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002).

Finally, CVS asserts that specific performance and injunctive relief are not available as a matter of law because TCF is seeking specific performance of a contract relating to personal, not real, property. TCF pleads, however, that the License Agreements are leaseholds under Illinois law. Leaseholds may be enforced through specific performance. *Douglas Theater Corp. v. Chicago Title & Trust Co.*, 681 N.E.2d 564, 568 (Ill App. 1997).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint is denied.

Dated: January 31, 2007

JOHN W. DARRAH
United States District Court Judge